THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re EPR INVESTMENTS, L.C.,                           Case No. 8:24-bk-01969-CPM

    Debtor                                             Chapter 11
_____/

EVAN RUBINSON, derivatively
on behalf of EPR INVESTMENTS, L.C,

    Plaintiff,

v.                                                     Adv. Proc. No. 8:24-ap-00241-CPM

PAMELA KERIS-RUBINSON and
ARMADILLO DISTRIBUTION
ENTERPRISES, INC.,

    Defendants
_____/

### MOTHER'S MOTION TO DISMISS ADVERSARY PROCEEDING

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Avenue, Suite 555, Tampa Florida 33602, within twenty one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Pursuant to Federal Rule of Civil Procedure 12(b)(1) made applicable to this adversary proceeding (this "Adversary Proceeding") by Federal Rule of Bankruptcy Procedure 7012(b), and other applicable law, Pamela Keris-Rubinson (the "Mother"), by and through her undersigned counsel, hereby moves on the following grounds for the order of this Court dismissing the

"Adversary Complaint" (the "Adversary Complaint") [Adv. Doc. 1] filed by Evan Rubinson (the "Son") on July 18, 2024, with prejudice.

## I.  FACTUAL BACKGROUND

1. The Mother and Elliot Rubinson (together, the "Parents") are the biological and legal parents of the Son. Prior to the death of the Father, the Parents operated EPR Investments L.C. (the "Debtor") Armadillo Distribution Enterprises Inc. ("Armadillo"), and Concordia Investment Partners LLC ("Concordia"), all of which are collectively referred to herein as the "Rubinson Entities". The Parents spent years cultivating the Rubinson Entities and their hard work resulted in their success.

2. The Debtor's primary asset (the "Facility") consists of land and improvements located at 4904 West Waters Avenue, Tampa, Florida 33634, with 5.217 acres of land and a 111,449 square foot office/warehouse/distribution facility.

3. The Parents took steps to ensure that the Rubinson Entities would be appropriately dealt with upon the passing of either or both of them. This included the creation of the Elliott P. Rubinson Revocable Trust (the "Rubinson Trust"). Pursuant to the terms of the Rubinson Trust document, the majority share of the assets are to be distributed to the Son. This is because the Mother was to be supported by assets that were conveyed to her outside of the Rubinson Trust.

4. Following the Father's passing, the Son took over as Chief Executive Officer of Armadillo. From 2020 through 2022, the Son froze the Mother out of the business operations of Armadillo. During this time, the Son's mismanagement, defalcation, and fraud caused Armadillo to incur substantial losses and suffer extreme financial distress. During July 2022, the Mother removed the Son from Armadillo, replaced him as Chief Executive Officer, and began the arduous process of turning Armadillo around in the wake of the Son's disastrous tenure.

5.  Having run Armadillo—the Rubinson Trust's most valuable asset—into the ground, the Son began looking for a new source of income and decided to repeatedly sue the Mother rather than seek employment. The Son's avarice and unscrupulous behavior reached a zenith, only surpassed by the filing of five (5) separate lawsuits[1] with false and scandalous allegations against the Mother.

6.  Despite the ongoing litigation, the Mother continued to operate the Rubinson Entities as her and her late husband always had. The Mother's efforts continued even after the Son had her removed as trustee for the Rubinson Trust and she was replaced by Dr. Steven S. Oscher (the "Successor Trustee"). Despite stepping down as trustee, the Successor Trustee kept the Mother in her position as Chief Executive Officer.

7.  Unfortunately, as the tenant of the Facility, Armadillo's financial downturn had adverse effects on the Debtor. If it were not for the Son's misconduct, the Debtor would not be in financial distress. It was the Son's mismanagement of Armadillo that led the Debtor to initiate this Reorganization.

## II. PROCEDURAL BACKGROUND

8.  On April 10, 2024, the Debtor initiated its reorganization under chapter 11 of the Bankruptcy Code.

9.  On July 18, 2024, the Son initiated this Adversary Proceeding by filing the Adversary Complaint. In the Adversary Complaint, the Son purports to seek relief derivatively on

---

[1] Evan Rubinson v. Pamela A. Keris, Case No. 22-CA-006635, pending in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "State Court");
Evan Rubinson v. Pamela A. Keris, Case No. 22-CA-007179, pending in the State Court;
Evan Rubinson v. Pamela A. Keris, as Trustee of the James G. Keris GST Exempt Trust, Case No. 22-CA-010189, pending in the State Court;
Evan Rubinson v. Pamela A. Keris, Kapok Pavilion I, LTD, and Kapok Pavilion, Inc., Case No. 22-CA-010247, pending in the State Court; and
Evan Rubinson on behalf of Concordia Investment Partners, LLC v. Armadillo Distribution Enterprises, Inc., Case No. 23-CA-000439, pending in the State Court.

behalf of the Debtor against the Mother and Armadillo.

10. The Adversary Complaint asserts the following causes of action:

    a. **Count I - Breach of Contract Against Armadillo:** seeks damages on behalf of the Debtor and against Armadillo alleging the existence of an unwritten loan from Armadillo to the Debtor that was allegedly breached by Armadillo despite the fact that no terms of the purported loan are actually identified in the Adversary Complaint.

    b. **Count II – Unjust Enrichment Against Armadillo:** seeks damages on behalf of the Debtor and against Armadillo on the same grounds alleged in support of Count I.

    c. **Count III – Breach of Fiduciary Duty Against Keris-Rubinson:** seeks damages on behalf of the Debtor and against the Mother for allegedly failing to charge Armadillo market rent, despite both the obvious preclusive effect of the business judgment rule on the claim and the fact that the Son was the Chief Executive Officer of Armadillo during the period that Armadillo was alleged to have not been paying market rent.

11. All three causes of action asserted in the Adversary Complaint are property of the Debtor's estate under Bankruptcy Code § 541. The Son has admitted as much by purporting to bring the claims derivatively on the Debtor's behalf. Because all three causes of action are property of the Debtor's estate, the Son lacks standing to bring the causes of action and the Adversary Complaint must be dismissed with prejudice. The Son's failure to fully investigate his ability to bring the claims alleged in the Adversary Complaint before filing the same is consistent with his "shoot first, ask questions later" approach to litigation that has led to the vexatious

accumulation of proceedings filed by the Son against the Mother.

### III.    MEMORANDUM OF LAW

#### A. Legal Standard

12.    "A court may dismiss an action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction." A Boat 4 Fun, Inc. v. Dream Catcher Marine, LLC, 4:18-CV-10136-KMM, 2018 WL 10509576, at *1 (S.D. Fla. Oct. 25, 2018).  A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint. See McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted). "If the challenge is facial, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." Id.  "Accordingly, the court must consider the allegations in the plaintiff's complaint as true." Id.; see Fed. R. Bank. P. 7012(b) (extending Rule 12(b) of the Federal Rules of Civil Procedure to adversary proceedings).

#### B. The Complaint Should Be Dismissed For Lack of Subject Matter Jurisdiction

13.    Lack of standing is a jurisdictional defense properly raised in a motion to dismiss for lack of subject matter jurisdiction. See Florida Ass'n of Med. Equip. Dealers, Med-Health Care v. Apfel, 194 F.3d 1227, 1230 (11th Cir. 1999); Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)."). (citations omitted).  At the pleading stage, "general factual allegations of injury may suffice so long as they "plausibly and clearly allege a concrete injury." See Speech First, Inc. v. Cartwright, 32 F.4th 1110, 1119 (11th Cir. 2022).  In other words, "[t]he plaintiff must clearly and specifically set forth facts showing an injury-in-fact; conclusory allegations will not

suffice." Colceriu v. Barbary, 543 F. Supp. 3d 1277, 1280 (M.D. Fla. 2021) (citations omitted).

14. To that end, "[a]n LLC is a separate legal entity from its members, and the money in an LLC's bank account, like all property held by an LLC, is its own property—its members have no interest in any specific limited liability company property." SE Prop. Holdings, LLC v. McElheney, 5:12CV164-MW/EMT, 2016 WL 7494300, at *2 (N.D. Fla. May 7, 2016) (citing §605.0110, Fla. Stat.); see In re Nilhan Fin., LLC, 614 B.R. 379, 384 (M.D. Fla. 2020) ("As a member of a limited liability company, Thakkar owns no interest in the LLC's property under Florida law . . . Bankruptcy courts have similarly recognized the limited interest of an LLC member. . . The Florida statutory scheme is clear that a limited liability company holds property separate and apart from the property of its members." (citing § 605.0110(4), Fla. Stat; In re Whittle, 449 B.R. 427, 430 (Bankr. M.D. Fla. 2011)).

15. "Ordinarily, a corporation has exclusive standing to sue for injuries that it alone has suffered" but an "exception exists for a shareholder who prosecutes a 'derivative' claim to redress injuries to the corporation." In re Gen. Dev. Corp., 179 B.R. 335, 338 (S.D. Fla. 1995). However, a "corporation's filing for bankruptcy cuts off a shareholder's ability to bring a derivative claim." Id. "The commencement of a bankruptcy case creates an estate for the benefit of creditors which encompasses 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" Id. (quoting 11 U.S.C. § 541(a)(1)); see also In re Biscayne Bay Lofts, LLC, 09-34794 CA32, 2010 WL 3282598, at *3 (Bankr. S.D. Fla. Aug. 19, 2010). Derivative claims are among the interests of the bankrupt debtor included in the estate, and "only the trustee has standing to prosecute derivative claims." In re Gen. Dev. Corp., 179 B.R. 335, 338; see also Delgado Oil Co., Inc. v. Torres, 785 F.2d 857, 860 (10th Cir.1986).

16. Included in the derivative claims that become property of the estate are claims for

breach of fiduciary duty against corporate officers and directors. See In re Mercedes Homes, Inc., 431 B.R. 869, 876 (Bankr. S.D. Fla. 2009) ("Actions for breach of fiduciary duty against officers, directors, and shareholders that can be brought either by a shareholder derivatively or by the corporation directly have long been held to become property of the bankruptcy estate once the corporation files a bankruptcy petition."). Accordingly, "[a]s a matter of law, the [Son is] unable to sue the [Mother or Armadillo] on account of any derivative actions because the ability to pursue a derivative action belongs to the Debtor['s] estate[]." Id. at 877.

17. The Son admits in the Adversary Complaint, as he must, that all three causes of action asserted in the Adversary Complaint are derivative claims belonging to the Debtor. Based on the foregoing, this Court should grant this motion, and dismiss this Adversary Proceeding with prejudice for lack of subject matter jurisdiction because the Son lacks standing to sustain the Adversary Complaint.

WHEREFORE, the Mother respectfully requests the order of this Court:

   a. granting this motion;

   b. dismissing this Adversary Proceeding with prejudice;

   c. awarding the Mother her reasonable attorneys' fees and costs; and

   d. granting such other and further relief as is just and appropriate.

Dated: July 22, 2024

/s/ Nicholas Lafalce
**JOHN A. ANTHONY, ESQ.**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**NICHOLAS LAFALCE, ESQ.**
Florida Bar Number:  0119250
nlafalce@anthonyandpartners.com
**CAMERYN R. LACKEY, ESQ**.
Florida Bar Number: 1038915
clackey@anthonyandpartners.com

**ANTHONY & PARTNERS, LLC**
100 South Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: (813) 273-5616
Telecopier: (813) 221-4113
Attorneys for the Mother

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic means and/or U.S. Mail on this 22nd day of July 2024 to all interest parties and to the following:

Paul Thanasides, Esquire
Mary Thanasides, Esquire
McIntyre Thanasides Bringgold Elliot Grimaldi & Guito, P.A.
1228 E. 7th Avenue, Suite 100
Tampa, FL 33605
paul@mcintyrefirm.com
mary@mcintyrefirm.com

Jeffrey W. Warren, Esquire
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, Florida 33602

Jeanette E. McPherson, Esq.
Fox Rothschild LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
JMcPherson@foxrothschild.com

　　　　　　　　　　　　　　/s/ Nicholas Lafalce
　　　　　　　　　　　　　　**ATTORNEY**